| Case No. | 2:20-cv-10741-CAS-Ex | Date | June 7, 2021 |
|---|---|---|---|
| Title | TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY, LTD. V. NATIONAL DISTRIBUTION WAREHOUSE, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Louis Teran | Saul Acherman |

**Proceedings:** DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS (Dkt. [12], filed April 28, 2021)

## I. INTRODUCTION

On November 24, 2020, plaintiff Trustee of the Summers Family Trust TA Neak Product Buff WA Pty, Ltd. ("Summers") filed this action against defendant National Distribution Warehouse, Inc., d/b/a Teacher's Choice ("Teacher's Choice"). Dkt 1 ("Compl."). The complaint asserts five claims against defendant for: (1) trademark infringement in violation of the Lanham Act, 15 U.S.C. §§1051 *et seq.*, (2) trade dress infringement in violation of the Lanham Act; (3) design patent infringement, in violation of 35 U.S.C. § 271(a)-(b); (4) common law unfair competition; and (5) common law tortious interference with prospective economic advantage. Id. The gravamen of plaintiff's complaint is that defendant makes and sells educational clocks that have designs and marks that are confusingly similar to the educational clocks plaintiff sells, and thereby infringe on plaintiff's trademark, trade dress, and design patent. Id. at 5.

On April 28, 2021, defendant filed the instant motion to dismiss. Dkt. 12 ("Mot."). On May 17, 2021, plaintiff filed an opposition. Dkt. 13 ("Opp."). Defendant filed a reply on May 24, 2021. Dkt. 14 ("Reply").

The Court held a hearing on June 7, 2021. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-cv-10741-CAS-Ex | Date | June 7, 2021 |
|---|---|---|---|
| Title | TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY, LTD. V. NATIONAL DISTRIBUTION WAREHOUSE, INC. | | |

## II. BACKGROUND

### a. The Parties

Plaintiff Summers is an Australian limited liability company that does business under it's "Owlconic" trademark, with its principal place of business in Australia. Compl. ¶ 5. Plaintiff alleges that it is an industry leader in the design of educational clocks and "has become widely recognized as the preeminent supplier of educational clocks for children to learn how to read a clock." Id. ¶ 7.

Defendant Teacher's Choice is a New York corporation with its principal place of business in New York. Id. ¶ 6. Defendant does not maintain any offices or employees in California, and is not licensed to do business in California. Dkt. 12-12 ("Green Decl.") ¶¶ 5-13. Plaintiff alleges that defendant makes and offers for sale through its website and on Amazon.com educational clocks that unlawfully copy the designs of plaintiff's educational clocks. Id. ¶¶ 27-28. Plaintiff alleges that defendant is subject to general and specific personal jurisdiction in California because defendant had engaged in trademark and trade dress infringement in this jurisdiction, and "derive[s] substantial revenues from commercial activities in California." Id. ¶¶ 3-4.

### b. Plaintiff's Educational Clocks

Plaintiff alleges that it makes and sells educational clocks throughout the United States and the world, primarily through e-commerce sales on Amazon.com. Id. ¶ 7. Plaintiff alleges that in order to distinguish itself from its competitors, it sells educational clocks that are "uniquely configured, distinctly colored, and [that] employ distinct patterns." Id. ¶ 9. Plaintiff's educational clocks are designed to contain a centered circle "with a horizontal line and a vertical line passing through and crossing one another at the center of the circle to form four (4) quadrants, each of which are colored a different color," as reflected in the image below:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'   JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10741-CAS-Ex | Date | June 7, 2021 |
| Title | TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY, LTD. V. NATIONAL DISTRIBUTION WAREHOUSE, INC. | | |



Id. ¶¶ 10-12, exh. A. Plaintiff avers that it considers this "circle on its educational clocks" to be its trademark, which—although not federally registered—plaintiff has continuously used in commerce since 2017. Id. ¶¶ 15, 16. Plaintiff further avers that consumers recognize this design and associate it "with authentic, high-quality educational clocks designed and made by [p]laintiff." Id. ¶ 13. Plaintiff further alleges that the "overall design of its educational clocks" is a trade dress that plaintiff has used continuously since 2017. Id. ¶¶ 18-19, 21. Plaintiff alleges that it has developed substantial recognition and goodwill in the United States through the trademark and trade dress that it employs for its educational clocks. Id. ¶¶ 22-23.

In addition, plaintiff alleges that is "has an interest in" U.S. Design Patent No. D875,591 ("the '591 patent"), which "protects the unique ornamental design of [p]laintiff's educational clocks." Id. ¶¶ 24-25.

### c. Defendant's Educational Clocks

Plaintiff alleges that defendant has infringed the '591 patent and plaintiffs trademark and trade dress rights by making and offering for sale in the United States "educational clocks, having designs and marks that are, in the eye of the ordinary observer, substantially the same as and confusingly similar" to the design of plaintiff's educational clocks. Id. ¶¶ 26-27. Plaintiff alleges that the educational clocks defendant sells on Amazon.com and through defendant's website contain the designs reflected in the image below:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-cv-10741-CAS-Ex | Date | June 7, 2021 |
|---|---|---|---|
| Title | TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY, LTD. V. NATIONAL DISTRIBUTION WAREHOUSE, INC. | | |



Id. ¶ 28, exh. C. Plaintiff alleges that the similarities between plaintiff's product and defendant's product are "not a coincidence," but rather the result of defendant's effort to "intentionally cop[y]" plaintiff's trademark, trade dress, and patented design to capitalize on plaintiff's goodwill and "confuse consumers" into believing there is an association between the parties' products. Id. ¶ 30.

Defendant now argues that plaintiff's claims should be dismissed for lack of personal jurisdiction; see Fed. R. Civ. P. 12(b)(2); because venue is not proper in California with respect to plaintiff's design patent claim, pursuant to 21 U.S.C. § 1400; see Fed. R. Civ. P. 12(b)(3); and for failure to state a claim upon which relief can be granted, see Fed. R. Civ. P. 12(b)(6).[1] See Mot. at 1-2.

---

[1] Plaintiff contends in its opposition that the Court should deny defendant's motion in its entirety for failure to comply with C.D. Cal. Local Rule 7-3. Plaintiff contends that defendant's counsel "declares that he met and conferred with [p]laintiff's counsel on April 27, 2021, the day before the [m]otion was filed," and, as such, failed to comply with the requirement that the parties meet and confer at least 7 days in advance of any motion. See Opp'n at 8-9. In reply, defendant avers that its counsel complied with Local Rule 7-3 by conferring with plaintiff's counsel on April 27, 2021, less than a week after being retained by defendant, and offered to stipulate to a delay of defendant's deadline to respond to the complaint to allow plaintiff the full 7 days. See Reply at 6-8. The Court will not wade into the factual details of this matter, but admonishes the parties to abide by the Local Rules going forward.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10741-CAS-Ex | Date | June 7, 2021 |
| Title | TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY, LTD. V. NATIONAL DISTRIBUTION WAREHOUSE, INC. | | |

## III. LEGAL STANDARDS

### A. Rule 12(b)(2)

When a defendant moves to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the "plaintiff bears the burden of establishing that jurisdiction is proper." Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008) (citation omitted). Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010) (quoting Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006)). The plaintiff cannot simply rely on the "bare allegations" of its complaint; however, uncontroverted allegations in the complaint must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154–55. "California's long-arm statute is co-extensive with federal standards, so a federal court may exercise personal jurisdiction if doing so comports with federal constitutional due process." Boschetto, 539 F.3d at 1015. "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" Schwarzenegger, 374 F.3d at 801 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'   JS-6

| Case No. | 2:20-cv-10741-CAS-Ex | Date | June 7, 2021 |
|---|---|---|---|
| Title | TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY, LTD. V. NATIONAL DISTRIBUTION WAREHOUSE, INC. | | |

### a. General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (quoting International Shoe, 326 U.S. at 317). A corporation's place of incorporation and principal place of business are the paradigmatic bases for general jurisdiction. Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). Otherwise, "[t]he standard is met only by 'continuous corporate operations within a state [that are] thought so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely distinct from those activities.'" King v. Am. Family Mut. Ins. Co., 632 F.3d 570, 579 (9th Cir. 2011) (quoting International Shoe, 326 U.S. at 318). The standard for general jurisdiction "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Mavrix Photo. Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1224 (9th Cir. 2011).

### b. Specific Jurisdiction

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

(1) The defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;

(2) The claim must arise out of or result from the defendant's forum-related activities; and

(3) Exercise of jurisdiction must be reasonable.

Rano, 987 F.2d at 588; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and if either is not satisfied, personal jurisdiction is not established. Schwarzenegger, 374 F.3d at 802.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| | |
|---|---|
| Case No. | 2:20-cv-10741-CAS-Ex    Date  June 7, 2021 |
| Title | TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY, LTD. V. NATIONAL DISTRIBUTION WAREHOUSE, INC. |

If the plaintiff establishes the first two prongs, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

### B. Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-cv-10741-CAS-Ex | Date | June 7, 2021 |
|---|---|---|---|
| Title | TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY, LTD. V. NATIONAL DISTRIBUTION WAREHOUSE, INC. | | |

of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Personal Jurisdiction

#### a. General Jurisdiction

Defendant argues that it is not subject to general jurisdiction in California because it does not maintain a "permanent and continuous presence in California" as thus cannot fairly be considered "at home" in California. Mot. at 7. Although plaintiff's complaint alleges that this Court possesses general jurisdiction over defendant, see Compl. ¶ 4, plaintiff appears to concede in its opposition that general jurisdiction is not appropriate in this case. See generally Opp'n.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'    JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10741-CAS-Ex | Date | June 7, 2021 |
| Title | TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY, LTD. V. NATIONAL DISTRIBUTION WAREHOUSE, INC. | | |

Where general jurisdiction is established, a court may hear any claim against that defendant—even where the suit-related events occurred outside the forum district. Bristol-Myers Squibb Co., 137 S. Ct. at 1780. For this reason, establishing general jurisdiction is a high bar. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." Id. (citations omitted). A corporation's place of incorporation and principal place of business are the paradigmatic bases for general jurisdiction. Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). Otherwise, "for general jurisdiction to exist, a defendant must engage in 'continuous and systematic general business contacts.'" Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223–24 (9th Cir. 2011) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984)).

Here, the Court cannot exercise general jurisdiction over defendant because defendant cannot fairly be regarded "at home" in California. Defendant is corporation organized under the laws of New York and maintains its principal place of business in New York. Green Decl. ¶¶ 3-4. Defendant "is not licensed to do business in California" and does not maintain any office or other "physical presence" in California or "have any employees, agents, or representatives in California." Id. ¶¶ 5-7. Nor does any other evidence suggest that defendant has engaged in "continuous and systematic general business contacts" in California. See Mavrix Photo, 647 F.3d at 1223–24.

### b. Specific Jurisdiction

Defendant argues that it is not subject to specific personal jurisdiction in California because defendant "does not sell products […] directly to California," "does not engage in any advertising targeted towards California residents, by geographically focused online marketing or otherwise, and thus does not directly target California" and otherwise lacks "any other purposeful contacts with California." Mot. at 9. Defendant explains that the products at issue are offered through its website and on Amazon.com, and that its sales are "exclusively or nearly exclusively fulfilled by Amazon." Id.

Plaintiff contends that is has adequately established that defendant is subject to specific jurisdiction in California, both because defendant's website, www.teacherschoice.com, is "interactive and even commercial" and because defendant has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-cv-10741-CAS-Ex | Date | June 7, 2021 |
|---|---|---|---|
| Title | TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY, LTD. V. NATIONAL DISTRIBUTION WAREHOUSE, INC. | | |

"consummated various transactions with residents of California and thus purposefully availed itself to the forum." Opp'n at 9-11. Plaintiff does not contend that defendant's sales on Amazon.com are sufficient to establish specific personal jurisdiction.[2] See generally Opp'n.

Under the first prong of the specific jurisdiction analysis, plaintiff must establish that defendant "either purposefully availed [itself] of the privilege of conducting activities in California, or purposefully directed [its] activities toward California." Schwarzenegger, 374 F.3d at 802. In contracts cases, courts conduct a "purposeful availment" analysis, whereas courts generally conduct a "purposeful direction" analysis in tort cases. Id. Because plaintiff has alleged claims for trademark infringement, trade dress infringement, design patent infringement, common law unfair competition, and tortious interference with prospective economic advantage, each of which is "a tort-like cause of action," the Court applies a purposeful direction analysis.[3] Mavrix Photo, Inc., v. Brand Techs., Inc., 647 F.3d 1218, 1228 (9th Cir. 2011). Courts in the Ninth Circuit analyze purposeful direction under the three-part "effects test" from the Supreme Court's opinion in Calder v. Jones,

---

[2] Notably, a number of courts in this district that have considered sales fulfilled by major internet retailers like Amazon.com as a basis for personal jurisdiction have concluded that "it is not the law […] that all 'fullfilled by Amazon' sellers could be haled to California by a competing seller" because the relevant question is whether there is evidence that defendant "conducted regular business with California consumers [or] played an active role in completing any transactions in California." Pado, Inc. v. SG Trademark Holding Co. LLC, No. CV2001565CJCPVCX, 2020 WL 1445720, at *4 (C.D. Cal. Mar. 24, 2020); see also Imageline, Inc. v. Hendricks, No. CV 09-1870 DSF AGRX, 2009 WL 10286181, at *4 (C.D. Cal. Aug. 12, 2009) (no personal jurisdiction where defendants' eBay "listings did not target California, but simply went to California residents who turned out to be the eBay purchasers.").

[3] Plaintiff argues that the Court should apply a purposeful availment analysis to this case based on its assertion defendant has "clearly 'consummated a transaction' in California because it maintains a commercial website. See Opp'n at 17. However, as discussed in more detail *infra*, plaintiff has put forward no evidence demonstrating that defendant has ever consummated a transaction in California, let alone one that is related to the claims at issue in this litigation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'    JS-6

| Case No. | 2:20-cv-10741-CAS-Ex | Date | June 7, 2021 |
|---|---|---|---|
| Title | TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY, LTD. V. NATIONAL DISTRIBUTION WAREHOUSE, INC. | | |

465 U.S. 783, 787–89, (1984); Schwarzenegger, 374 F.3d at 803. "Under this test, the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Brayton Purcell, 606 F.3d at 1128 (internal quotation marks and citation omitted) abrogated on other grounds as recognized by Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1069 (9th Cir. 2017).

Here, Plaintiff contends that specific personal jurisdiction exists based on defendant's interactive website, www.teacherschoice.com, through which plaintiff argues defendant "willfully accepted orders and shipped the accused products directly to the residence of known California residents." Opp'n at 13. The Ninth Circuit utilizes the "sliding scale" approach set forth in Zippo Manufacturing Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997) to determine whether the operation of a website supports the exercise of personal jurisdiction. See Cybersell, Inc., v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir. 1997). Under this analysis, courts consider the "level of interactivity and commercial nature of the exchange of information" that occurs on the website. Id. A passive website that "does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction." Zippo, 952 F. Supp. at 1124. On the other end of the spectrum, an interactive website through which "the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files" justifies a court's exercise of personal jurisdiction. Id. If a website falls somewhere in the middle, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet." Cybersell, 130 F.3d at 419.

In its opposition, plaintiff argues that www.teacherschoice.com is an interactive website through which consumers "are offered the opportunity to purchase and pay for [d]efendant's products, including the accused product." Opp'n at 13. As such, plaintiff argues that defendant's website "has placed its products into the stream of commerce with the intent that Internet users, including those from California, would purchase them" and that defendant has in fact "shipped accused products directly to the residence of known

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-10741-CAS-Ex | Date | June 7, 2021 |
| Title | TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY, LTD. V. NATIONAL DISTRIBUTION WAREHOUSE, INC. | | |

California residents."[4] Id. at 14, 18. Plaintiff further argues that "[a]fter receiving orders from California residents both through its websites and its customer service representative, [d]efendant knew the exact billing and shipping address of its customers" in California. Id. at 18. However, plaintiff presents no evidence to support its assertions that defendant has made sales targeting California. To the contrary, in support of its opposition, plaintiff puts forward only a group of exhibits that demonstrate that defendant maintains an interactive website at www.teacherschoice.com that offers certain products for sale. See dkt. 13-1 ("Teran Decl."), exh. A-D. Plaintiff does not put forward any evidence demonstrating that defendant has ever targeted advertising or sales through its website at California residents, or that any California resident has in fact purchased goods from defendant via www.teacherschoice.com. Id.; U.S. Ethernet Innovations, LLC v. Acer, Inc., No. C 10-3724 CW, 2013 WL 4049572, at *3 (N.D. Cal. Aug. 7, 2013) (plaintiffs failed to meet "their burden to meet the purposeful direction" test because there was "no evidence that there ha[d] been any United States sales activity […] or that any such activity took place within California."). Accordingly, plaintiff has not made an adequate showing that defendant purposely directed its activities towards California through its website.[5] See

---

[4] In addition, plaintiff argues that the inclusion of a "Google Pay" payment option on defendants website demonstrates that specific jurisdiction is appropriate on the grounds that "Google, LLC, a California company, has a substantial involvement in Defendant's internet-based operation." Opp'n at 15. Even putting aside plaintiff's failure to put forward any evidence that any California resident has ever interacted with the "Google Pay" feature on defendant's website, such an argument is unavailing for the same reasons that not every seller on eBay.com, a website operated by a California company, is subject to personal jurisdiction in California—mere interaction with an internet service is insufficient to establish conduct purposefully directed at consumers in a particular state. See Imageline, 2009 WL 10286181, at *4.

[5] The Supreme Court's recent decision in Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1028, 209 L. Ed. 2d 225 (2021) does not compel a contrary conclusion. In Ford, the Supreme Court held that, in some circumstances where a company has "systematically served a market" for the product at issue in the forum state, a court may exercise personal jurisdiction over the defendant even when there is no "strict causal relationship" between the defendant's in-state conduct and the claims asserted in the litigation. Id. at 1027-28. That holding has no application here, for at least two reasons.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-cv-10741-CAS-Ex | Date | June 7, 2021 |
|---|---|---|---|
| Title | TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY, LTD. V. NATIONAL DISTRIBUTION WAREHOUSE, INC. | | |

Amini Innovation Corp. v. JS Imports, Inc., 497 F. Supp. 2d 1093, 1104 (C.D. Cal. 2007) (finding that plaintiff could not make a prima facie showing of purposeful availment because there was no evidence defendants conducted actual commercial transactions or conducted business with California residents via the website); see also Hudson-munoz, LLC v. U.S. Waffle Co., Inc., No. 2:19-CV-01960-ODW-RAO, 2019 WL 3548919, at *3 (C.D. Cal. Aug. 5, 2019) (dismissing for lack of personal jurisdiction where there was "no evidence that [defendant] acted with a desire to appeal to or exploit a California market" in maintaining its website).

Moreover, plaintiff's bare assertions that defendant has made sales to California customers via its website are rebutted by the supplemental declaration submitted by defendant's president, Seth Green, who attests that "no accused product has ever been sold through [www.teacherschoice.com] to California residents or residents of any other state.[6]

---

First, by its own terms, the decision in Ford "do[es] not […] consider internet transactions, which may raise doctrinal questions of their own." Id. at 1028, n.4 (citing Walden v. Fiore, 571 U.S. 277, 290, n. 9, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014)) (explaining that the Court's decision does not stand for the proposition that internet sales give rise to jurisdiction in any state where the product sold causes harm). Second, unlike in Ford, where it was undisputed that Ford had longstanding, systematic contacts with the forum states—including through advertising, sales, and maintenance services for the vehicle models at issue—there is no evidence in this case demonstrating that defendant has ever transacted business, maintained a physical presence, or advertised any products in California. See Ford, 141 S.Ct. at 1028 (noting that "Ford has here conceded 'purposeful availment' of the two States' markets").

[6] Plaintiff's evidentiary objections to the Green Supplemental Declaration are **OVERRULED**. Dkt. 15. The Court finds that the Green Supplemental Declaration does not "unfairly ambush" plaintiff in violation of Fed. R. Civ. P. 6(c)(2)'s requirement that evidence be served alongside a motion because "evidence is not new if it directly responds to proof adduced in opposition to a motion," as is the case here. Quidel Corp. v. Siemens Med. Sols. USA, Inc., No. 16-CV-3059-BTM-AGS, 2019 WL 1409854, at *3 (S.D. Cal. Mar. 27, 2019) (affidavit directly responding to substance of plaintiff's opposition was not "new" within the meaning of Rule 6(c)(2)); See also In re ConAgra Foods, Inc., 90 F. Supp. 3d 919, 955 (C.D. Cal. 2015) (same). Likewise, Green's attestation that "the information

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:20-cv-10741-CAS-Ex | Date | June 7, 2021 |
|---|---|---|---|
| Title | TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY, LTD. V. NATIONAL DISTRIBUTION WAREHOUSE, INC. | | |

Dkt. 14-1 ("Green Supp. Decl"), ¶ 3. Specifically, Green attests that "no sales to California have ever been made" via defendant's website, which has processed a total of "five orders," none of which was "ever shipped to California nor did any of the five orders concern the accused products." Id. ¶¶ 6-7. Green further attests that defendant "does not employ a customer service representative for receiving orders from California residents or otherwise through [d]efendant's [w]ebsite." Id. ¶ 9.

Based on the foregoing, the Court concludes that plaintiff has not carried its burden to establish purposeful direction targeted at California. As such, the Court finds that defendant fails to establish that personal jurisdiction exists in California.[7] Schwarzenegger,

---

contained herein is correct based on information available to me at the present time from the records of [d]efendant and my own personal knowledge," is sufficient to establish personal knowledge pursuant to Fed. R. Evid. § 602, despite Green's acknowledgement that he was supplied with some information "by other employees of [d]efendant."

[7] At oral argument, plaintiff asked the Court to permit it to conduct jurisdictional discovery. Plaintiff argued that despite the declaration evidence defendant has submitted, jurisdictional discovery could show that defendant made sales in California or shipped products to Amazon warehouses located in California, without proffering any facts to support those arguments. A decision to permit or decline jurisdictional discovery lies within the sound discretion of the district court. See Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Id. (internal citations and quotations ommitted). However, the Ninth Circuit has held that "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery ...." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) (citing Terracom v. Valley Nat. Bank, 49 F.3d 555, 562 (9th Cir. 1995)); see also Lang v. Morris, 823 F. Supp. 2d 966, 979 (N.D. Cal. 2011) ("discovery is not warranted if a plaintiff cannot 'demonstrate how further discovery would allow it to contradict the [defendants'] affidavits.'"). Here, although plaintiff's counsel hypothesized at the hearing that jurisdictional discovery "might" unveil additional facts that contradict the Green declaration, plaintiff fails to make any showing contradicting the evidence on the record or that would otherwise explain how, in light of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| **CIVIL MINUTES – GENERAL** | | 'O' | JS-6 |
| Case No. | 2:20-cv-10741-CAS-Ex | Date | June 7, 2021 |
| Title | TRUSTEE OF THE SUMMERS FAMILY TRUST TA NEAK PRODUCTS BUFF WA PTY, LTD. V. NATIONAL DISTRIBUTION WAREHOUSE, INC. | | |

374 F.3d at 802 (explaining that if the plaintiff fails to establish either purposeful direction or a nexus to a forum-related activity, "personal jurisdiction is not established in the forum state").

Accordingly, the Court **GRANTS** defendant's motion to dismiss for lack of personal jurisdiction.

### B. Remaining Grounds for Dismissal

The Court concludes that personal jurisdiction is lacking. As such, it does not reach defendant's arguments that venue is not appropriate, Mot. at 11, or that plaintiff's complaint fails to state a claim, Id. at 12.

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant's motion to dismiss and **DISMISSES** plaintiff's complaint for lack of personal jurisdiction.

IT IS SO ORDERED.

|  | 00 : 11 |
|---|---|
| Initials of Preparer | CMJ |

---

that evidence, further discovery "might well demonstrate jurisdictionally relevant facts." See Lang, 823 F. Supp. 2d at 979. Accordingly, the Court finds that jurisdictional discovery is not warranted.